DOMENGEAUX, Judge,
dissenting.
Plaintiff, Mrs. Stella Gautreaux, filed for unemployment compensation after she quit her job as a revolving loan officer at Guaranty Bank & Trust Company. She claimed to have quit for “good cause” under La. R.S. 23:1601 because she alleged that the bank sexually discriminated against her in promoting a lesser qualified man to a position for which she had applied.
Mrs. Gautreaux was a revolving loan officer assigned primarily to the Pinhook Branch of Guaranty Bank. A revolving loan officer is a loan officer who must rotate to other branches when a loan officer vacancy temporarily exists at another branch. In November, 1984, Mrs. Gau-treaux applied for and was denied a promotion as a permanent loan officer at the Pinhook Branch. She apparently felt that she had been unfairly denied the promotion in favor of a lesser qualified man. Yet, she did not voice her complaint at this time to her superiors.
In late January, 1985, a loan officer vacancy arose in the Southpark branch. Mrs. Gautreaux, who had previously worked at this branch but did not enjoy it, was assigned to fill the vacancy. At this time, she objected to the transfer and voiced her displeasure in the promotion denial of November. After two days of lengthy discussions with numerous superiors at the bank, Mrs. Gautreaux tendered a written resignation on January 31, 1985.
After applying for unemployment compensation, an evidentiary hearing was held to determine whether or not Mrs. Gau-treaux left her position “for cause” under La.R.S. 23:1601. An appeals referee made two factual findings: (1) that Mrs. Gau-treaux's main reason for quitting was her displeasure in the proposed transfer, and (2) that Mrs. Gautreaux failed to prove sexual discrimination on the part of Guaranty Bank in their failure to promote her or in their failure to provide equal pay for equal work. The Board of Review affirmed this ruling and plaintiff appealed. The district court reversed the findings of the appeals referee by ruling that the referee’s findings of fact were not supported by sufficient evidence. The majority affirms the district court’s ruling.
I respectfully dissent for the following reasons. Initially, it is evident that the majority has failed to follow the standard of review as set out in La.R.S. 23:1634 which states:
In any proceeding under this Section the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. (Emphasis added).
There was no allegation of fraud. Therefore, this court is required to review the record of the appeals referee’s hearing and determine whether the referee's findings of fact are supported by sufficient evidence. If there is sufficient evidence to support these findings, they are conclusive and we must affirm. By adopting such a stringent standard of review, the legislature wished to prevent the courts from reweighing the credibility of the witnesses, a determination that can only be done properly by the trier of fact, in this case the appeals referee. Instead, the majority obviously disregards the proper standard of review and inserts its own opinion as to the credibility of the testimony heard by the appeals referee.
The appeals referee made two findings of fact: Initially, he found that Mrs. Gau-treaux quit primarily because she did not *983 want to transfer to another bank branch. As transferring to another branch was a known job requirement, quitting for this reason would not constitute “for cause”. Secondly, he held that even if Mrs. Gau-treaux did quit because she felt that she had been discriminated against, she did not prove that she had been sexually discriminated against and hence, her departure on this unsubstantiated basis was also not “for cause”.
The record of the appeals referee’s hearing contains sufficient evidence to support both of these findings. Five witnesses testified at the hearing. Three of these witnesses testified that Mrs. Gautreaux stated to them directly or strongly inferred that she was resigning because of the proposed transfer. These witnesses were Judy Weathers, Senior Vice-President and Director of Human Resources at Guaranty Bank; Mr. Mouton, the Branch Manager; and Mr. Montelaro, the Branch Loan Coordinator. The fourth witness, Mrs. Hamilton, another ex-employee of Guaranty Bank and plaintiff’s friend, also testified that Mrs. Gautreaux did not want to transfer to the other branch office. The fifth and final witness at the hearing was Mrs. Gautreaux who stated she left because of sexual discrimination. Additionally, Mrs. Gautreaux never voiced an objection to her promotion denial until after she was informed of her upcoming transfer three months later. This fact further supports the referee’s conclusion that Mrs. Gau-treaux left primarily because she was unhappy with the transfer, not because she felt discriminated against. More than sufficient evidence was presented which supports the finding of the appeals referee that Mrs. Gautreaux left primarily because of the proposed transfer.
The record also supports the referee’s finding that Mrs. Gautreaux failed to prove sexual discrimination on the part of Guaranty Bank. Mrs. Weathers testified as to the qualifications of Mr. Judice, the person who was promoted over Mrs. Gautreaux. His qualifications were comparable to those of Mrs. Gautreaux yet, they varied in several significant areas. Mr. Judice had spent a year handling “problem loans” for the bank, had prior lending and credit analysis experience, and had sat on a loan committee. He had also been a cashier and vice-president at two additional banks. Other than experience in commercial loan forms, his qualifications met all the prerequisites for the promoted position. Additionally, Mr. Judice would have completed his loan training program except that the bank management had asked him to continue handling the problem loans for an additional six months. Besides this, the bank showed that all revolving loan officers were paid approximately the same gross salary and that some women loan officers were paid higher than' the men loan officers.
Very little evidence of Mrs. Gautreaux’s qualifications for the permanent loan officer position were presented at the hearing. Mrs. Gautreaux alone testified as to her qualifications for the position and, in essence, argued that because she had been a loan officer for two years and had completed a loan officer training program, she was more qualified than Mr. Judice. Her self-serving statement was unsupported by any other evidence. The referee ruled that Mrs. Gautreaux failed to prove that she was discriminated by the bank when she was denied the promotion and the record supports this finding.
As there is significant evidence in the record to support the referee’s finding, this Court is mandated under La.R.S. 23:1634 to uphold this decision. We are not to insert our own opinion on the credibility of the testimony heard by the referee.
I also respectfully disagree with the concurring opinion which indicates that Mrs. Gautreaux was being transferred in order to harrass her because she objected to her promotion denial. This is neither alleged nor proven in the record by the plaintiff. In late January, Mrs. Gautreaux was first asked by Guaranty Bank to transfer to another branch. She then objected to the transfer and to the promotion denial of the past November. As Mrs. Gautreaux did not complain to the Bank about the November promotion denial until she was asked to transfer in January, the Bank could not *984 have been harrassing her through the proposed transfer for complaining of sexual discrimination when she had not yet voiced her complaint on this topic.
I respectfully suggest that my brothers of the majority have failed to apply and follow the standard set out in La.R.S. 23:1634. Instead, they chose to decide the facts and repeat the error of the district court.
For the foregoing reasons, I respectfully dissent.